DICKINSON, Presiding Justice,
dissenting:
¶ 10. The United States Court of Appeals for the Fifth Circuit has asked us to advise whether the Mississippi Legislature unconstitutionally limited the amount of noneconomic damages a plaintiff may -recover in a tort case.[10] In my view, this Court should address and answer the question.
¶ 11. In the case from which the question arose, after the jury entered a general verdict of $4 million, the plaintiff, the defendant, the trial court, and the appellate court all agreed that — based on the federal court’s approved method of calculation— the jury had awarded $2,218,905.60 in non-economic damages. Still, the majority says the federal court had no right to make this finding because it was not “factual.” I disagree.
¶ 12. The method used by the federal court to reach its factual conclusion — while not this Court’s method of choice — was certainly not unorthodox. The court deducted all claimed and proven economic damages in the amount of $1,781,094.40[11] *640 from the total award of $4 million, to arrive at the noneconomic award of $2,218,905.60. In third grade, I was asked: “If a farmer has ten apples and sells six, how many apples does he have left?” Neither my answer of four apples, nor the district court’s mathematical calculation — according to the majority’s logic— was “factual.”
¶ 13. It is disturbing that what seems so clear to me appears to the majority as “apples and oranges.” The jury was instructed on all the elements of damages— economic and noneconomic — it was allowed to award. Since the total amount of economic damages requested and proved was $1,781,094.42, the jurors could not have awarded more than that, unless they failed to follow their instructions. And all that was left above that number was noneco-nomic damages. So it is a mathematical fact that they either awarded $2,218,905.60 in noneconomic damages or they failed to follow their instructions. And it is well-settled that we presume juries follow their instructions.[12]
¶ 14. It is true that what I call a fact is solely supported by circumstantial evidence. But this Court seems to be untroubled when circumstantial evidence rises to the level of “beyond a reasonable doubt”— even in death-penalty cases. So it seems odd that anyone would be troubled by applying circumstantial evidence to the question presented here. And given the mathematical certainty involved here (again, assuming the jurors followed their instructions), I have no trouble stating as a fact that the jury awarded $2,218,905.60 in noneconomic damages. No “apples or oranges” involved.
¶ 15. In rejecting the federal court’s method of determining facts, the majority relies on InTown Lessee Assocs., LLC v. Howard, in which we announced a procedural requirement for our state trial courts that a jury’s noneconomic damage award must be specified in a special-verdict form.[13]
¶ 16. While I agree with our decision in InTown, our procedural requirements are not binding on the federal courts.[14] And this Court should not second-guess the method chosen by the federal courts to determine the nature and amount of damages awarded by a federal-court jury. The issue that controls the majority’s decision is not contested by any party to the litigation, and is not even before us or the Fifth Circuit on appeal.
¶ 17. The United States district judge, finding the statutory damages limitation to be constitutional, applied it to reduce the jury’s award. The issue is on appeal before the Fifth Circuit — the same court that certified the question to us. So, unlike our decision in InTown — a case in which we determined the statute did not apply — the Fifth Circuit has determined that in the case pending there, the statute does apply. That is. their call, not ours. And before affirming or reversing the district court’s reduction in damages, the Fifth Circuit simply wants us to tell them whether or not the statute is constitutional. We should tell them, rather than leaving them to guess.
*641 ¶ 18. This Court’s special-verdict form is not binding on the federal courts, so I cannot agree with the majority’s characterization of the issue before the Fifth Circuit as “abstract” or “hypothetical.” As already stated, I firmly believe we should address the question. And because the majority refuses to do so, I respectfully dissent.

. See Miss.Code Ann. § 1 l-l-60(2)(b) (Supp. 2011).

. Learmonth proffered evidence of the following categories and amounts of economic damages: Past Medicals = $90,098.42; Fu *640 ture Medicals = $483,510.00; Loss of Wage-Earning Capacity = $1,207,486.00; Total Economic Damages = $1,781,094.42.

. Grayson v. State, 879 So.2d 1008, 1020 (Miss.2004) (quoting Williams v. State, 684 So.2d 1179 (Miss.1996)).

. InTown Lessee Assocs., LLC v. Howard, 67 So.3d 711, 724 (Miss.2011).

. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).